**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JIMMY J. KIM, and DEBORAH HAN-KIM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No: |
| vs. | ) | |
| | ) | |
| CHUL HEE YOO, SUNG JAE LEE, and | ) | |
| POWERTRANS FREIGHT SYSTEMS, INC., | ) | |
| a California corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NOTICE OF REMOVAL

Defendants Mr. Chul Hee Yoo, Mr. Sung Jae Lee, and Powertrans Freight Systems, Inc. ("Powertrans") (collectively, "Defendants') respectfully submit this Notice of Removal, requesting removal of this case, originally filed in the Superior Court of Fulton County, State of Georgia, to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof states as follows:

## INTRODUCTION

1. On or about May 28, 2024, Jimmy J. Kim and Deborah Han-Kim ("Plaintiffs") filed a civil action (Civil Action No. 24CV006795) against Messrs. Yoo and Lee and Powertrans Freights Systems, Inc. in the Superior Court of Fulton

County, State of Georgia (the "State Court Action").  *See* Complaint, attached hereto

pursuant to 28 U.S.C. § 1446(a) as **Exhibit "1**."

2.      On June 3, 2024, Powertrans Freight Systems, Inc. was served with the

summons and complaint in the State Court Action through its registered agent.  *See*

Affidavit of Service, attached hereto as **Exhibit "2**."

3.      On June 10, 2024, Sung Jae Lee was served with the summons and

complaint in the State Court Action.  *See* Affidavit of Service, attached hereto as

**Exhibit "3**."

4.      On June 19, 2024, Mr. Yoo was served with the summons and

complaint in the State Court Action.  *See* Affidavit of Service, attached hereto as

**Exhibit "4**."

5.      All of the Defendants consent to and join in this Notice of Removal.

6.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the State

Court Action because: (1) there is complete diversity of citizenship between Plaintiff

and Defendants Powertrans Freight Systems, Inc. and Sung Jae Lee; and (2) the

amount in controversy exceeds $75,000, exclusive of interest and costs.  As a result,

the State Court Action is removable under 28 U.S.C. §§ 1332 and 1441(a).

7.    This Notice is being timely filed in compliance with 28 U.S.C. § 1446(b), and within thirty (30) days after June 3, 2024, the earliest date of service of the Complaint.

8.    All of the pleadings and other documents filed in the State Court Action are attached as **Exhibit "5."**

## DIVERSITY JURISDICTION

9.    This action involves a controversy between parties that are citizens of different states.

10.    Plaintiffs are citizens of and reside in Georgia.

11.    Defendants Mr. Yoo and Mr. Lee are citizens of and reside in California. *See*, *e.g.*, Ex. "1," Compl. at ¶¶ 3 & 4 (alleging that Messrs. Yoo and Lee reside in California).

12.    Defendant Powertrans Freight Systems, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California. As such, Defendant Powertrans is a citizen of California. *See also id.* at ¶ 5.

## AMOUNT IN CONTROVERSY

13.    In this case, Plaintiffs allege that "[t]his matter involves an ownership dispute over Powertrans GA, a freight forwarding business that Mr. Kim owns in

full…until Defendants usurped his ownership and cut off his access to Powertrans GA's systems and accounts … . " *See* Compl. at ¶ 1.

14.     Plaintiffs also allege that "[w]hile Mr. Kim was hospitalized for dialysis surgery in December of 2022, the Defendants cut Mr. Kim and Ms. Kim out of the business, severing their access to Powertrans GA's computer systems, email, and bank account." *Id.*

15.     Plaintiffs also contend that, "[w]hile [Mr. Kim] was I the hospital for surgery, Defendants opportunistically cut Mr. Kim and Ms. Kim out of the business, severing their access to Powertrans GA's computer systems, email, and bank account."  *Id.* at ¶ 91.

16.     Among his purported losses, Mr. Kim claims that "Powertrans GA [which he now alleges that he owns] paid every invoice it received from Powertrans CA in an estimated amount greater than $900,000 invoiced to Powertrans GA throughout the course of Mr. Kim's ownership of Powertrans GA." *Id.* at ¶ 51.

17.     Plaintiffs further allege that, "[a]t the time Defendants opportunistically usurped the business, Powertrans GA had a receivable balance of approximately $390,000 and a bank balance of approximately $150,000."  *Id.* at ¶ 92.

18.     In Complaint paragraphs 127-128, Plaintiffs proceed to contend that "Defendants received funds belonging to Plaintiffs, as to which they have had the

use and enjoyment, but to which they are not entitled[,… and] Plaintiff are entitled to judgment against Defendants in an amount to be proven at trial."

19.    As part of their Promissory Estoppel theory of recovery, Plaintiffs also claim that "Defendants breached their promises and broke faith with their representation by usurping Plaintiffs' ownership interest and failing to give the ownership interest they promised to Mr. Kim." *Id.* at ¶ 141.

20.    Plaintiff's "usurped ownership" theory thus involves at minimum a dispute over an alleged $390,000 in receivables, plus $150,000 in bank balances, summing to $240,000.

21.    On the topic of alleged "franchise fees," Plaintiffs allege that "throughout the over ten years that Mr. Kim [allegedly] owner and operated Powertrans, he paid a monthly franchise fee… ,"  and "[t]he base franchise fee was $1,000 per month… ." *Id.* at ¶¶ 47-48.

22.    For their Breach of Contract Count, Plaintiffs allege that "[t]he agreement for Mr. Kim to own Powertrans GA in exchange for franchise fees is a valid and enforceable contract between Mr. Kim and Defendants…," and that "Defendants have breached the agreement" and that "Mr. Kim has been damaged zas a result… ."  *Id.* at ¶¶ 105-107.

23.     In terms of Plaintiffs' "franchise fees" claim alone, then, ten years multiplied by 12 months/year multiplied by $1,000/month equals $120,000.

24.     Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COMPLIANCE WITH PROCEDURAL PREREQUISITES TO REMOVAL

25.     This action is properly removed to this Court because the State Court Action is pending within this District and Division. *See* 28 U.S.C. § 1441(a).

26.     Pursuant to 28 U.SC. § 1446(a), Defendants attach and incorporate by reference a copy of the process, pleadings and orders served upon it in the State Court Action. *See* Exhibit "4".

27.     Written notice of the filing of this Notice of Removal has been provided to Defendants as required by law. A copy of this Notice of Removal is also being filed concurrently with the Superior Court of Fulton County, State of Georgia.

28.     Defendants respectfully request that the State Court Action be removed to this Court, that this Court accept jurisdiction of this action, and that this action be placed on the docket of this Court for further proceedings as thought this action had originally been instituted in this Court.

Respectfully submitted, this 2nd day of July, 2024.

s/ Kevin A. Maxim
Georgia Bar No. 478580
Bridget B. James
Georgia Bar No. 065014

Attorneys for Defendants
THE MAXIM LAW FIRM, P.C.
1718 Peachtree St., NW
Suite 599
Atlanta, Georgia   30309
Phone: (404) 924-4272
Fax:    (404) 924-4273
E-mail: kmaxim@maximlawfirm.com

**CERTIFICATION**

Pursuant to N.D. Ga. L.R. 7.1(D), counsel for Defendants hereby certifies that this document has been prepared with Times New Roman (14 point) font, which font has been approved under LR 5.1(C).

s/ Kevin A. Maxim
Georgia Bar No. 478580
Attorney for Defendants
THE MAXIM LAW FIRM, P.C.
1718 Peachtree St., NW
Suite 599
Atlanta, Georgia 30309
Phone: (404) 924-4272
Fax: (404) 924-4273
E-mail: kmaxim@maximlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned further certifies that a copy of the foregoing document was

sent email and by first-class mail, postage prepaid, to counsel for Plaintiffs:

> Daniel H. Park
> Brett A. Switzer
> Olivia Mercer
> Berman Fink Van Horn P.C.
> 3475 Piedmont Road, NE, Suite 1640
> Atlanta, GA 30305

This 2nd day of July, 2024.

> s/ Kevin A. Maxim
> Georgia Bar No. 478580
> Attorney for Defendants
> THE MAXIM LAW FIRM, P.C.
> 1718 Peachtree St., NW
> Suite 599
> Atlanta, Georgia 30309
> Phone: (404) 924-4272
> Fax:    (404) 924-4273
> E-mail: kmaxim@maximlawfirm.com

- 8 -

# EXHIBIT "1"

Fulton County Superior Court
***EFILED***TV
Date: 5/28/2024 4:40 PM
Che Alexander, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JIMMY J. KIM and DEBORAH HAN-KIM, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action File No. 24CV006795 |
| | ) |
| CHUL HEE YOO, SUNG JAE LEE, and | ) |
| POWERTRANS FREIGHT SYSTEMS, INC. | ) |
| (a California Corporation), | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiffs Jimmy J. Kim ("Mr. Kim") and Deborah Han-Kim ("Ms. Kim") (collectively the "Plaintiffs") file their Complaint (the "Complaint") against Chul Hee Yoo ("Mr. Yoo"), Sung Jae Lee ("Mr. Lee"), and Powertrans Freight Systems, Inc. (a California Corporation) ("Powertrans CA") (collectively the "Defendants"), and show this Honorable Court as follows:

## RELATED ACTION

On April 3, 2024, Powertrans Freight Systems, Inc. (a Georgia Corporation) ("Powertrans GA") filed suit against Plaintiffs and others in this court, in the matter of *Powertrans Freight Systems, Inc., v. Jimmy J. Kim, Deborah Han-Kim, Asiana Export, LLC and John Doe Defendants A, B, and C*, Civil Action No. 24CV004202. In that action, Mr. Kim and Ms. Kim filed a third-party complaint against Mr. Yoo, Mr. Lee, and Powertrans CA, asserting claims against them for liability to Mr. Kim and Ms. Kim for all or part of Powertrans GA's claims against Mr. Kim and Ms. Kim in that action pursuant to O.C.G.A. § 9-11-14.

In this instant matter, Mr. Kim and Ms. Kim assert claims for independent harms caused by the Defendants, outside of liability for the claims asserted by Powertrans GA.

1

Moreover, if the declaratory relief requested by Plaintiffs is granted, Plaintiffs anticipate adding Powertrans GA as a party plaintiff to this action.

## **INTRODUCTION**

1.

This matter involves an ownership dispute over Powertrans GA, a freight forwarding business that Mr. Kim owns in full and for which he paid monthly franchise fees and additional fees to Powertrans CA until Defendants usurped his ownership and cut off his access to Powertrans GA's systems and accounts. Mr. Kim began working at Powertrans GA in or around 2007. In or around 2010, Powertrans GA lost its only customer, Morrison Express. As a result, Powertrans GA had very limited business over the following years, and, in or around 2012, Mr. Kim started looking for another job. At that point, Mr. Yoo convinced Mr. Kim to stay at Powertrans GA by offering Mr. Kim ownership of Powertrans GA in exchange for a monthly franchise fee to Powertrans CA. Mr. Kim accepted and, thereafter, Mr. Kim understood that he was the sole owner of Powertrans GA. Mr. Kim invested his own money in the business and was solely responsible for generating business and running all aspects of the business. Throughout the over 10 years that Mr. Kim owned the business, he paid a monthly franchise fee (and additional amounts on request) and provided monthly financial reports to Powertrans CA disclosing all of the finances of the company, including all payments that were made to Asiana Export. Mr. Yoo and Mr. Lee repeatedly told Mr. Kim that he was the owner of the business, responsible for all aspects of the business and all profits and losses of the company. Mr. Kim repeatedly asked for the arrangement to be put in writing and Mr. Yoo and Mr. Lee repeatedly reassured him it would be, but they never did. After years of running the business, taking all of the risks and losses, Powertrans GA finally saw an increase in profitability in 2021 and 2022. Unfortunately, in 2022, Mr. Kim became very

ill and was hospitalized 7 times. While Mr. Kim was hospitalized for dialysis surgery in December of 2022, the Defendants cut Mr. Kim and Ms. Kim out of the business, severing their access to Powertrans GA's computer systems, email, and bank account. In doing so, Defendants took control of Powertrans GA, a company that Mr. Kim spent over a decade building and making profitable.

## PARTIES, JURISDICTION, AND VENUE

2.

Powertrans GA is subject to the jurisdiction and venue of this Court by filing the Complaint.

3.

Mr. Yoo is an individual who resides at 1884 S. Westside Drive, Unit 54, Anaheim, CA 92805. Mr. Yoo may be served with process at his residence or wherever he may be found.

4.

Mr. Lee is an individual who resides at 5455 Brae Burn Place, Buena Park, CA 90621. Mr. Lee may be served with process at his residence or wherever he may be found.

5.

Powertrans CA is a corporation organized and existing under the laws of the State of California. Powertrans CA may be served via its registered agent, John Bokki Min at 3530 Wilshire Blvd., Ste. 1510, Los Angeles, CA 90010.

6.

This Court has personal jurisdiction over Mr. Yoo, Mr. Lee, and Powertrans CA under O.C.G.A. § 9-10-91 because each of them regularly transacted business in Georgia, committed tortious acts or omissions in Georgia, and caused injuries in Georgia to Mr. Kim and Ms. Kim, Georgia residents.

3

7.

Venue in Fulton County is appropriate pursuant to Ga. Const. Art. 6, Sec. 2, Para. 6 and O.C.G.A. § 9-10-93 because events giving rise to the causes of action alleged herein—including tortious acts and omissions by Mr. Yoo, Mr. Lee, and Powertrans CA and injuries caused by those tortious acts and omissions—occurred in Fulton County, and they transacted business in Fulton County

## STATEMENT OF FACTS

### The Powertrans Entities

8.

Powertrans Freight Systems is a transportation logistics business, comprised of 5 separate entities of the same name "Powertrans Freight Systems, Inc.," each separately incorporated in California, Georgia, Florida, Illinois, and New York.

9.

Powertrans CA is the "headquarter" office of Powertrans Freight Systems, located in Los Angeles, California. Upon information and belief, Mr. Lee and/or Mr. Yoo are owners and directors of Powertrans CA.

10.

Powertrans GA is located in Forest Park, Georgia, and is a franchisee of Powertrans CA. Powertrans GA owned and, until December of 2022, was operated by Mr. Kim, as described in detail below.

4

11.

Powertrans Freight Systems, Inc., the Illinois corporation ("Powertrans IL") is located in Chicago, Illinois, and is a franchisee of Powertrans CA. Powertrans IL is owned and operated by Ann Kim.

12.

Powertrans Freight Systems, Inc., the Florida corporation ("Powertrans FL") is located in Miami, Florida, and Powertrans FL is owned and operated by Mr. Yoo.

13.

Powertrans Freight Systems, Inc., the New York corporation ("Powertrans NY") is located in New York City, and, upon information and belief, Powertrans NY is owned and operated by Sean Kim.

14.

Each of the Powertrans Freight System entities operates completely separately from one another. Powertrans GA, Powertrans IL, Powertrans FL, and Powertrans NY each have their own territory, customers, vendors, bank accounts, and EIN numbers.

15.

Powertrans GA and Powertrans IL, and upon information and belief, Powertrans FL and Powertrans NY, each pay a monthly franchise fee to Powertrans CA to operate as a Powertrans Freight Systems business.

**Mr. Kim's Employment with Powertrans GA**

16.

Mr. Kim started his employment with Powertrans GA in or around 2007.

17.

When he started at Powertrans GA, Mr. Kim worked with another individual, Winston Bynun ("Mr. Bynun"), operating Powertrans GA. There were no other employees of Powertrans GA.

18.

At the time, Powertrans GA was only handling cargo from one client, Morrison Express.

19.

In 2008, Mr. Bynun left Powertrans GA, and, thereafter, Mr. Kim solely operated Powertrans GA.

20.

On June 30, 2010, Morrison Express filed a lawsuit against Powertrans GA for alleged unpaid amounts on an account, in the matter of *Morrison Express Corporation v. Powertrans Freight Systems, Inc.*, in the State Court of Clayton County, Civil Action File No. 2010CV05220.

21.

Powertrans GA failed to file an answer, and a default judgment was entered on October 26, 2010 against Powertrans GA in the principal amount of $55,916.57, interest in the amount of $19,742.57, plus court costs of $262.00.

22.

The judgment by Powertrans GA's only customer greatly disrupted Powertrans GA's operations, including subjecting Powertrans GA's bank account to a garnishment.

23.

As a result of the lawsuit, Mr. Lee, Powertrans CA's President at the time, asked Mr. Yoo to manage Powertrans GA's business.

6

24.

However, Mr. Yoo also owned and managed Powertrans FL at that time.

25.

In a meeting at Powertrans GA's office, on or around late 2010 or early 2011, Mr. Yoo asked Mr. Kim to operate the Powertrans GA business because Mr. Yoo was too busy with Powertrans FL to do so himself and because Powertrans GA was not profitable.

26.

Thereafter, Mr. Kim operated and managed the Powertrans GA business.

**Mr. Kim Becomes the Owner of Powertrans GA**

27.

Mr. Kim began to question whether the difficult task of operating Powertrans GA was worth his time and effort because Powertrans GA was not profitable.

28.

As a result, in or around 2011, Mr. Kim started to look for another job.

29.

When Mr. Yoo found out that Mr. Kim was looking for another job, Mr. Yoo visited Powertrans GA on or about 2011.

30.

Over dinner Mr. Yoo convinced Mr. Kim to stay at Powertrans GA by offering Mr. Kim full ownership of Powertrans GA, in return for which Mr. Kim would pay a monthly franchise fee and additional fees to Powertrans CA.

7

31.

Mr. Kim accepted the offer, and thereafter, understood that he was the sole owner of Powertrans GA, responsible for all losses of the company, but also entitled to all of its profits.

32.

To jump start the business, Mr. Kim personally loaned $30,000 to Powertrans GA.

33.

Powertrans FL also loaned Powertrans GA another approximately $30,000 to facilitate this effort.

34.

Powertrans GA subsequently repaid the approximately $30,000 loan from Powertrans FL in full.

35.

Mr. Kim was solely responsible for generating business and running all aspects of Powertrans GA.

36.

Mr. Kim traveled to clients and vendors, and through his efforts, grew the business over the years.

37.

Mr. Kim worked all hours of the day, including weekends, given that many of Powertrans GA's customers were in Korea.

8

38.

To ensure that his company has sufficient working capital,  Mr. Kim paid himself a modest small salary from Powertrans GA, often between  $13,000 and $40,000 per year, when the business was struggling.

39.

Upon information and belief, other Powertrans Freight Systems franchise owners like Mr. Yoo, Sean Kim, and Ann Kim take substantially larger salaries; often in the $100,000 to $200,000 per year range.

40.

Mr. Kim tried to hire employees to assist him with the business but could not find the right fit.

**Ms. Kim Joins Powertrans GA**

41.

In or around 2010, Mr. Kim asked his wife, Ms. Kim to join Powertrans GA.

42.

Ms. Kim agreed to do so, and she quit her job at Samsung LED in inside sales in the process.

43.

Given it was her husband's business, Ms. Kim agreed to take a substantial pay cut, receiving a bi-weekly payment of $750 only in 2010 – 2011. Subsequent to 2011, Ms. Kim did not receive any compensation for her work on behalf of Powertrans GA based on Defendants' representations and her understanding that Mr. Kim owned Powertrans GA.

44.

Powertrans CA, Mr. Yoo, and Mr. Lee were well aware of Ms. Kim's employment at Powertrans GA because Ms. Kim had her own Powertrans Freight Systems email address and had regular communications with them by email.

45.

Ms. Kim assisted as a liaison to customers and vendors while Mr. Kim ran operations.

46.

Powertrans CA, Mr. Yoo, and Mr. Lee did not intervene regarding Ms. Kim's employment at Powertrans GA because Powertrans GA was owned and operated solely by Mr. Kim.

**The Monthly Franchise Fee and Other Benefits and Payments Provided to Powertrans CA**

47.

Throughout the over 10 years that Mr. Kim owned and operated Powertrans GA, he paid a monthly franchise fee (and additional amounts on request).

48.

The base franchise fee was $1,000 per month but additional fees were often tacked on without warning or explanation.

49.

The additional fees included Powertrans CA's expenses including insurance fees, advertising fees, freight forwarding membership fees, CPA costs, and other fees.

50.

The franchise fees and additional fees were invoiced on a monthly basis to Powertrans GA.

51.

Powertrans GA paid every invoice it received from Powertrans CA in an estimated amount greater than $900,000 invoiced to Powertrans GA throughout the course of Mr. Kim's ownership of Powertrans GA.

52.

In addition to the monthly invoices, in or around 2012, Defendants demanded that Powertrans GA loan $40,000 to Powertrans FL to assist in the opening of Powertrans NY.

53.

Mr. Kim complied and caused Powertrans GA to loan Defendants $40,000.

54.

Powertrans GA also disclosed its finances to Powertrans CA by providing monthly financial reports. These reports also detailed Powertrans GA's payments to Asiana Export.

55.

In or around February of 2021, the Defendants also insisted that Powertrans GA pay its entire PPP second draw loan to Powertrans CA.

56.

Mr. Kim declined to comply with this request.

57.

Mr. Kim is certified in compliance with a TSA-approved security program such that he signed certifications on behalf of the Powertrans GA to confirm inspections of cargo and compliance with security protocols.

11

58.

After Defendants usurped Mr. Kim's ownership and control of Powertrans GA, Defendants continued to use Mr. Kim's certification and forged his signature on compliance certifications for dangerous goods as late as at least June of 2023.

**Asiana Export**

59.

In 2012, the owner and operator of Powertrans NY, Sean Kim, repeatedly recommended to Mr. Kim that he start a direct purchasing/small package business to complement and support Powertrans GA's business.

60.

Because the Powertrans entities do not engage in direct purchasing/small package delivery, Sean Kim suggested that Mr. Kim form a separate entity to run the direct purchasing/small package business, and informed Mr. Kim that he has 3 other entities other than Powertrans NY, including one for his direct purchasing/small package business.

61.

On or about March 15, 2013, Ms. Kim formed Asiana Export, LLC ("Asiana Export") for the purpose of running a direct purchasing/small package business.

62.

Mr. Kim and Ms. Kim are the sole owners of Asiana Export.

63.

Defendants encouraged Mr. Kim to start Asiana Export to support Powertrans GA.

12

64.

Upon information and belief, Defendants were fully aware of Asiana Export when it was organized for this purpose.

65.

However, the direct purchasing/small package business did not materialize, and as such Mr. Kim and Ms. Kim started to use Asiana Export for investments unrelated to freight forwarding or package shipment and delivery.

66.

Mr. Kim caused the profits he was due from Powertrans GA to be paid to Asiana Export.

67.

Asiana Export invoiced Powertrans GA for each of the payments made to it, noting on the invoices "P/S" for profit share.

68.

All of the payments to Asiana Export were shared with Powertrans CA as part of the financial disclosures that Powertrans GA made to Powertrans CA on a monthly basis.

69.

The Defendants' and Powertrans CA's accountants had access to all of Powertrans GA's financial information and could access the same at all times.

**Defendants have not been Involved in Powertrans GA**

70.

Defendants were not involved in Powertrans GA's business.

13

71.

For example, in an email to Mr. Kim and Sean Kim (the owner of Powertrans NY) on March 30, 2018, Mr. Yoo emphasized the separation between the Powertrans entities and reminded them that they are to "[p]ay what is due and receive what is due" (translated from Korean). Mr. Kim understood this to be confirmation that Powertrans GA was obligated to pay the invoices for the franchise fees and other fees, but he was entitled to the profits of Powertrans GA.

72.

Other than this initial loan from Powertrans FL referenced above, Defendants did not assist or provide any support to Powertrans GA after Mr. Kim took ownership of the company.

73.

In contrast, Defendants constantly requested additional payments and cash assistance from Powertrans GA.

74.

With Mr. Kim's permission, Defendants also ran other, significant business through Powertrans GA, and, upon information and belief, received proceeds of millions of dollars from that business without compensation to Powertrans GA.

75.

Despite Mr. Kim's requests, Defendants repeatedly refused to assist Powertrans GA because it was Mr. Kim's business and responsibility.

**Defendants Repeatedly Confirmed Mr. Kim's Ownership of Powertrans GA but Refused to Put it in Writing**

76.

Defendants repeatedly told Mr. Kim that he was the owner of Powertrans GA, responsible for all aspects of the business and all profits and losses of the company.

14

77.

Mr. Kim repeatedly asked for his ownership and the franchise arrangement to be put in writing and Defendants repeatedly reassured him it would be, but they never did.

78.

For example, in or before 2018, Defendants called a meeting for all of the owners of each Powertrans entity to meet in Los Angeles, California.

79.

At the meeting, Defendants confirmed again that Mr. Kim is the owner of Powertrans GA and therefore must continue to pay the monthly franchise fee.

80.

On information and belief, the owner of Powertrans IL, Ann Kim, is in the same arrangement with Powertrans CA, where she owns and operates Powertrans IL and receives all of the profits of Powertrans IL in exchange for payment of monthly franchise fees to Powertrans CA.

81.

Specifically, during the meeting in Los Angeles, Mr. Lee told Mr. Kim and Ann Kim that their respective ownerships and the franchise arrangements would be put in writing.

82.

Despite this representation, when Mr. Kim asked about the written agreement about two weeks after the meeting, Mr. Lee refused.

83.

Mr. Kim also asked if Ann Kim had received a written agreement from Defendants and she confirmed that she had not.

15

84.

Despite the Defendants' failure and refusal to put Mr. Kim's ownership and the franchise agreement in writing, based on and in reliance of the Defendants' representations, Mr. Kim continued to operate Powertrans GA for over a decade with no issues raised about his ownership or operations.

85.

Due to the substantial efforts by Mr. and Ms. Kim and no one else, only when Powertrans GA became profitable, and Mr. Kim became ill did Defendants usurp Mr. Kim's ownership and shut off access to Powertrans GA's systems and accounts.

**Mr. Kim Falls Ill and Defendants Usurp His Ownership in Powertrans GA**

86.

Powertrans GA finally saw a substantial increase in profitability in 2021 and 2022.

87.

Unfortunately, in 2022, Mr. Kim became very ill.

88.

In 2022, Mr. Kim was hospitalized 7 times.

89.

Defendants were aware of Mr. Kim's health issues as he informed them that he was ill and having difficulty running the business.

90.

As a result of his health issues, Mr. Kim went into dialysis surgery in December of 2022.

16

91.

While he was in the hospital for surgery, Defendants opportunistically cut Mr. Kim and Ms. Kim out of the business, severing their access to Powertrans GA's computer systems, email, and bank account.

92.

At the time Defendants opportunistically usurped the business, Powertrans GA had a receivable balance of approximately $390,000 and a bank balance of approximately $150,000.

**Ms. Kim's Health Issues Resulting from Defendants' Actions**

93.

After Defendants usurped Powertrans GA, Ms. Kim became stressed, depressed, she stopped eating, and her weight dropped to below 100 pounds.

94.

As a result of Ms. Kim's declining health due to her stress, depression, and inability to eat, she was rushed to the emergency room in April of 2023.

95.

Ms. Kim was transferred from the emergency room to the hospital where she stayed for a week to receive treatment due to her health concerns.

96.

Ms. Kim has subsequently been prescribed medication to manage her depression and stress as a result of the actions of Defendants.

97.

Due to Defendants' actions, Ms. Kim has suffered emotional distress in the form of stress, depression, and the inability to eat.

17

## COUNT I
## ACTION FOR DECLARATORY JUDGMENT

98.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

99.

Plaintiffs are uncertain and insecure with respect to their rights and obligations as to Mr. Kim's ownership of Powertrans GA.

100.

Defendants have taken actions in contravention of the agreement for Mr. Kim to own and operate Powertrans GA in exchange for franchise fees, and such actions have served to deprive Mr. Kim of his ownership of Powertrans GA.

101.

Plaintiffs show there is an actual and justiciable controversy between themselves and the Defendants.

102.

Plaintiffs show that the controversy necessitates a determination by this Court concerning Mr. Kim's ownership interest in Powertrans GA.

103.

The ends of justice require, and Plaintiffs respectfully request, that the Court issue a declaratory judgment providing a declaration of the legal rights and relations between the Plaintiffs and the Defendants, that Mr. Kim is the sole owner of Powertrans GA.

## COUNT II
## BREACH OF CONTRACT

104.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

105.

The agreement for Mr. Kim to own Powertrans GA in exchange for franchise fees is a valid and enforceable contract between Mr. Kim and Defendants.

106.

As a result of the conduct described above, Defendants have breached the agreement by effectively depriving Mr. Kim of his ownership in Powertrans GA.

107.

Mr. Kim has been damaged as a result, in an amount to be determined at trial.

108.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

109.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

19

110.

Defendants' actions, including their malicious conduct of opportunistically usurping Powertrans GA when Mr. Kim was hospitalized for dialysis surgery in December of 2022 were extreme and outrageous as to naturally humiliate, embarrass, outrage, and frighten Plaintiffs.

111.

Defendants knew or should have known that as a result of the aforementioned abusive, extreme, egregious, and outrageous conduct Plaintiffs would be subjected to severe emotional and mental distress, and pain and suffering.

112.

Defendants acted intentionally, willfully, and maliciously and purposely, with the intention to inflict severe emotional distress upon Plaintiffs, or with reckless disregard for the probability of causing Plaintiffs such severe emotional distress.

113.

The aforementioned conduct of Defendants constitutes intentional infliction of emotional distress.

114.

As a direct and proximate result of Defendants' actions, Plaintiffs have suffered severe emotional distress, anxiety, nervousness, humiliation, pain and suffering, and physical manifestations thereof.

115.

By intentionally inflicting severe emotional distress upon Plaintiffs, Defendants have violated Georgia law, and are liable to Plaintiffs for compensatory damages, including but not limited to damages for Plaintiffs' pain and suffering.

20

116.

As a result of the unlawful actions of Defendants, Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs in this action.

117.

Defendants have acted maliciously and with intent to harm Plaintiffs, or with conscious indifference to the consequences of their actions, entitling Plaintiffs to recover punitive damages.

## COUNT IV
## FRAUD

118.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

119.

In the alternative, if Mr. Kim is not the owner of Powertrans GA, Defendants made material misrepresentations to Plaintiffs concerning Mr. Kim's ownership of Powertrans GA. Specifically, Defendants misrepresented:

- That Mr. Kim is the full owner of Powertrans GA starting in 2011; and

- That Mr. Kim was entitled to all of the profits of Powertrans GA as owner.

120.

At the time Defendants made these misrepresentations to Plaintiffs they knew that those statements were untrue.

121.

Defendants made these material misrepresentations with the intent to induce Plaintiffs to rely on the misrepresentations to their detriment.

21

122.

Plaintiffs, in fact, relied on these material misrepresentations to their detriment.

123.

Plaintiffs have been damaged as a result, in an amount to be determined at trial.

124.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

125.

Defendants have acted maliciously and with intent to harm Plaintiffs, or with conscious indifference to the consequences of their actions, entitling Plaintiffs to recover punitive damages.

## COUNT V
## MONEY HAD AND RECEIVED
### (Against Third-Party Defendants)

126.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

127.

Defendants received funds belonging to Plaintiffs, as to which they have had the use and enjoyment, but to which they are not entitled.

128.

Plaintiffs are entitled to a judgment against Defendants in an amount to be proven at trial.

22

129.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

## COUNT VI
## UNJUST ENRICHMENT

130.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

131.

In the alternative, if Mr. Kim is not the owner of Powertrans GA, the doctrine of unjust enrichment shall apply.

132.

Plaintiffs conferred benefits on Defendants through the services they provided to them.

133.

Defendants knew of and accepted such benefits by accepting such services.

134.

To date, Defendants have not compensated Plaintiffs for such benefits despite accepting such benefits.

135.

By failing to pay for the benefits conferred, Defendants and Powertrans GA have been unjustly enriched.

136.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused

23

Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

**COUNT VII**
**PROMISSORY ESTOPPEL**

137.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

138.

In the alternative, if Mr. Kim is not the owner of Powertrans GA, the doctrine of promissory estoppel applies.

139.

Defendants made promises and representations to Plaintiffs about Mr. Kim's ownership of Powertrans GA and entitlement to Powertrans GA's profits, which Defendants knew or should have known that Plaintiffs would reasonably induced to rely.

140.

Plaintiffs did reasonably rely on Defendants' promises and representations to their detriment.

141.

Defendants breached their promises and broke faith with their representation by usurping Plaintiffs' ownership interest and failing to give the ownership interest they promised to Mr. Kim.

142.

Plaintiffs have been damaged as a result, in an amount to be determined at trial.

24

143.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

**COUNT VIII**
**CIVIL CONSPIRACY**

144.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

145.

In the alternative, if Mr. Kim is not the owner of Powertrans GA, Defendants intentionally conspired and agreed with each other to engage in the tortious and illegal conduct described herein.

146.

The unlawful conduct of Defendants was accomplished by one or more of them pursuant to a common scheme and in furtherance of a common object.

147.

Each Defendant either participated in the design, formulation, and implementation of the conspiracy or joined the conspiracy with knowledge of its existence and purpose and committed acts in its furtherance.

148.

As such, liability for the aforementioned tortious conduct committed by one or some Defendants is imputed to all Defendants.

149.

Plaintiffs have been damaged as a result, in an amount to be determined at trial.

25

150.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

WHEREFORE, Plaintiffs respectfully pray of this Honorable Court as follows:

(a)     That the Court enter a declaratory judgment that Mr. Kim is the sole owner of Powertrans GA;

(b)     That the Court grant Plaintiffs a judgment against Defendants in an amount to be determined at trial;

(c)     That Plaintiffs be awarded their costs, attorneys' fees, and expenses of litigation;

(d)     That the Court award Plaintiffs their expenses of litigation pursuant to O.C.G.A. section 13-6-11;

(e)     That the Court award Plaintiffs punitive damages, and

(f)     That the Court award such other and further relief as is just, proper, and equitable under the circumstances.

This 24th day of May, 2024.

*[Signature page to follow]*

26

Respectfully submitted,

**BERMAN FINK VAN HORN P.C.**

*/s/ Daniel H. Park*

Daniel H. Park (#930188)
Brett A. Switzer (#554141)
Olivia Mercer (#355177)
3475 Piedmont Road, NE, Suite 1640
Atlanta, GA 30305
Tel: (404) 261-7711
Fax: (404) 233-1943
dpark@bfvlaw.com
bswitzer@bfvlaw.com
omercer@bfvlaw.com

*Counsel for Plaintiffs*

27

# EXHIBIT "2"

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Fulton**                    **Superior Court**

Case Number: 24CV006795

Plaintiff: **Jimmy J Kim, Deborah Han-Kim**
vs.
Defendant: **Chul Hee Yoo, et al**

For: Daniel Park
    Berman Fink Van Horn, P.C.

Received by Ancillary Legal Corporation on the 31st day of May, 2024 at 9:42 am to be served on **Powertrans Freight Systems, Inc c/o John Bokki Min - Reg Agent, 3530 Wilshire Blvd., Ste 1510, Los Angeles, CA 90010**. I, _George Sano_____, being duly sworn, depose and say that on the _3_ day of _June_____, 20_24_ at _12_:_33_ _P_.m., executed service by delivering a true copy of the **Summons, Complaint, Third Party-Complaint** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(X) CORPORATE SERVICE: By serving _John Bokki Min_____ as __Agent_____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age____ SEX (M) F Race_____ Height_____ Weight_____ Hair_____ Glasses Y (N)

**COMMENTS:**_____
_____
_____
_____

Age _45_ Sex (M) F Race _Asian_ Height _5'10_ Weight _180_ Hair _Black_ Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _5_ day of _June_____, 202_4_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _2623_____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2024007767
Ref: Kim

TONI LYNN SANO
Notary Public - California
Orange County
Commission # 2485603
My Comm. Expires Apr 23, 2028

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# EXHIBIT "3"

# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Georgia** | **County of Fulton** | **Superior Court** |

Case Number: 24CV006795

Plaintiff: **Jimmy J Kim, Deborah Han-Kim**
vs.
Defendant: **Chul Hee Yoo, et al**

For: Daniel Park
    Berman Fink Van Horn, P.C.

Received by Ancillary Legal Corporation on the 10th day of June, 2024 at 12:54 pm to be served on **Sung Jae Lee, 5455 Brae Burn Place, Buena Park, CA 90621**. I, _Bryce Keizer_, being duly sworn, depose and say that on the _10_ day of _June_, 20_24_ at _8:23_ _p_.m., executed service by delivering a true copy of the **Summons, Complaint, Third Party-Complaint** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____, a person of suitable age and discretion residing therein.

( ) NON SERVICE: For the reason detailed in the Comments below.

_____
Age _50_ SEX (M)F Race _Asian_ Height _5'8_ Weight _170_ Hair _BLK_ Glasses Y(N)

COMMENTS:_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _13_
day of _June_, _2024_ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _PSC6332_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2024008205
Ref: Kim

TONI LYNN SANO
Notary Public - California
Orange County
Commission # 2485603
My Comm. Expires Apr 23, 2028

# EXHIBIT "4"

## AFFIDAVIT OF SERVICE

**State of Georgia**          **County of Fulton**          **Superior Court**

Case Number: 24CV006795

Plaintiff: **Jimmy J Kim, Deborah Han-Kim**
vs.
Defendant: **Chul Hee Yoo, et al**

For: Daniel Park
     Berman Fink Van Horn, P.C.

Received by Ancillary Legal Corporation on the 10th day of June, 2024 at 12:50 pm to be served on **Chul Hee-Yoo, 1884 S. Westside Drive, Unit 54, Anaheim, CA 92805**. I, _George Sano_, being duly sworn, depose and say that on the _19_ day of _June_, 20_24_ at _7:55_ pm., executed service by delivering a true copy of the **Summons, Complaint, Third Party-Complaint** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(X) SUBSTITUTE SERVICE: By serving _Hyun Yon_ as _Spouse_, a person of suitable age and discretion residing therein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age _48_ SEX M(F) Race _Asian_ Height _5'6"_ Weight _145_ Hair _Brown_ Glasses Y(N)

COMMENTS:_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _20_ day of _June 2024_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _PSC2623_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2024008204
Ref: Kim

TONI LYNN SANO
Notary Public - California
Orange County
Commission # 2485603
My Comm. Expires Apr 23, 2028

# EXHIBIT "5"

https://researchga.tylerhost.net/CourtRecordsSearch/ViewCasePrint/578e05c714445c6e8e878bb2398a0a49

# Case Information

## Jimmy Kim, and Deborah Han-Kim VS. Chul Yoo, Sung Lee, and Powertrans Freight Systems, Inc. (a California Corporation)

24CV006795

Location
Fulton - Superior Court

Case Category
Civil

Case Type
OTHER CIVIL CAUSE OF ACTION

Case Filed Date
5/28/2024

Judge
ADAMS, KIMBERLY M. ESMOND

Case Status
Open (Open)

## Parties [5]

| Type | Name | Nickname/Alias | Attorneys |
| --- | --- | --- | --- |
| DEFENDANT | Powertrans Freight Systems, Inc. (a California Corporation) | | |
| DEFENDANT | Sung Jae Lee | | |
| DEFENDANT | Chul Hee Yoo | | |
| PLAINTIFF | Deborah Han-Kim | | DANIEL H. PARK |
| PLAINTIFF | Jimmy J. Kim | | DANIEL H. PARK |

## Events [8]

| Date | Event | Type | Comments | Documents |
| --- | --- | --- | --- | --- |
| 5/28/2024 | Filing | SUMMONS | FOR SERVICE - Sung Jae Lee | SUMMONS.pdf |
| 5/28/2024 | Filing | SUMMONS | FOR SERVICE - Powertrans Freight Systems, Inc. | SUMMONS.pdf |
| 5/28/2024 | Filing | CASE INITIATION FORM | COMPLAINT FOR DAMAGES | CASE INITIATION FORM.pdf |
| 5/28/2024 | Filing | SUMMONS | FOR SERVICE - Chul Hee Yoo | SUMMONS.pdf |
| 5/28/2024 | Filing | PLAINTIFF'S ORIGINAL PETITION | FOR DAMAGES | COMPLAINT.pdf |
| 6/7/2024 | Filing | AFFIDAVIT OF SERVICE | Affidavit of Service - Powertrans Freight Systems, Inc. | AFFIDAVIT OF SERVICE.pdf |
| 6/17/2024 | Filing | AFFIDAVIT OF SERVICE | Affidavit of Service - Sung Jae Lee | AFFIDAVIT OF SERVICE.pdf |
| 6/27/2024 | Filing | AFFIDAVIT OF SERVICE | Affidavit of Service - Chul Hee-Yoo | AFFIDAVIT OF SERVICE.pdf |

© 2024 Tyler Technologies, Inc. | All Rights Reserved

Version: 2024.4.2.276



Fulton County Superior Court
***EFILED***TV
Date: 5/28/2024 4:40 PM
Che Alexander, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
## 136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| Jimmy J. Kim and Deborah Han-Kim | ) Case No.: 24CV006795 |
| **Plaintiffs,** | ) |
| **vs.** | ) |
| Chul Hee Yoo, Sung Jae Lee, and Powertrans Freight | ) |
| Systems, Inc. (a California Corporation) | ) |
| **Defendant** | ) |

TO THE ABOVE NAMED DEFENDANT(S): Sung Jae Lee

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylertech.cloud/OfsEfsp/ui/landing (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Daniel H. Park, Esq.
Berman Fink Van Horn PC
3475 Peidmont Road NE, Suite 1640
Atlanta, GA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____5/28/2024_____ day of _____, 20 _____

Honorable Ché Alexander, Clerk of

Superior Court

By _____

Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Jimmy J. Kim and Deborah Han-Kim

) Case
) No.:     24CV006795
)
)
**Plaintiffs,**   )
)
**vs.**   )
Chul Hee Yoo, Sung Jae Lee, and Powertrans Freight   )
)
Systems, Inc. (a California Corporation)   )
)
**Defendant**   )
)

TO THE ABOVE NAMED DEFENDANT(S): Powertrans Freight Systems, Inc. (a California Corporation)

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylertech.cloud/OfsEfsp/ui/landing (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Daniel H. Park, Esq.
Berman Fink Van Horn PC
3475 Piedmont Road NE, Suite 1640
Atlanta, GA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This     5/28/2024     day of_____, 20 _____

Honorable Ché Alexander, Clerk of

Superior Court

By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you     _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***TV
Date: 5/28/2024 4:40 PM
Che Alexander, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☐ **State Court of** _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** ___5/28/2024___ | **Case Number** ___24CV006795___ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**                                                    **Defendant(s)**

_____          _____
**Last**        **First**        **Middle I.**    **Suffix**    **Prefix**        **Last**        **First**        **Middle I.**    **Suffix**    **Prefix**

_____          _____
**Last**        **First**        **Middle I.**    **Suffix**    **Prefix**        **Last**        **First**        **Middle I.**    **Suffix**    **Prefix**

_____          _____
**Last**        **First**        **Middle I.**    **Suffix**    **Prefix**        **Last**        **First**        **Middle I.**    **Suffix**    **Prefix**

_____          _____
**Last**        **First**        **Middle I.**    **Suffix**    **Prefix**        **Last**        **First**        **Middle I.**    **Suffix**    **Prefix**

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Fulton County Superior Court
***EFILED***TV
Date: 5/28/2024 4:40 PM
Che Alexander, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Jimmy J. Kim and Deborah Han-Kim

**Plaintiffs,**

vs.

Chul Hee Yoo, Sung Jae Lee, and Powertrans Freight

Systems, Inc. (a California Corporation)

**Defendant**

) Case
) No.:                    24CV006795
)
)
)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): Chul Hee Yoo

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylertech.cloud/OfsEfsp/ui/landing (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Daniel H. Park, Esq.
Berman Fink Van Horn PC
3475 Piedmont Road NE, Suite 1640
Atlanta, GA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This    5/28/2024            day of                , 20 _____

Honorable Ché Alexander, Clerk of

Superior Court

By _____
           Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***TV
Date: 5/28/2024 4:40 PM
Che Alexander, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JIMMY J. KIM and DEBORAH HAN-KIM,   )<br><br>      Plaintiffs,            )<br><br>v.                          )<br><br>CHUL HEE YOO, SUNG JAE LEE, and  )<br>POWERTRANS FREIGHT SYSTEMS, INC. )<br>(a California Corporation),      )<br><br>      Defendants.       )<br>                          ) | Civil Action File No. 24CV006795 |

**COMPLAINT**

Plaintiffs Jimmy J. Kim ("Mr. Kim") and Deborah Han-Kim ("Ms. Kim") (collectively the "Plaintiffs") file their Complaint (the "Complaint") against Chul Hee Yoo ("Mr. Yoo"), Sung Jae Lee ("Mr. Lee"), and Powertrans Freight Systems, Inc. (a California Corporation) ("Powertrans CA") (collectively the "Defendants"), and show this Honorable Court as follows:

**RELATED ACTION**

On April 3, 2024, Powertrans Freight Systems, Inc. (a Georgia Corporation) ("Powertrans GA") filed suit against Plaintiffs and others in this court, in the matter of *Powertrans Freight Systems, Inc., v. Jimmy J. Kim, Deborah Han-Kim, Asiana Export, LLC and John Doe Defendants A, B, and C*, Civil Action No. 24CV004202. In that action, Mr. Kim and Ms. Kim filed a third-party complaint against Mr. Yoo, Mr. Lee, and Powertrans CA, asserting claims against them for liability to Mr. Kim and Ms. Kim for all or part of Powertrans GA's claims against Mr. Kim and Ms. Kim in that action pursuant to O.C.G.A. § 9-11-14.

In this instant matter, Mr. Kim and Ms. Kim assert claims for independent harms caused by the Defendants, outside of liability for the claims asserted by Powertrans GA.

1

Moreover, if the declaratory relief requested by Plaintiffs is granted, Plaintiffs anticipate adding Powertrans GA as a party plaintiff to this action.

**<u>INTRODUCTION</u>**

1.

This matter involves an ownership dispute over Powertrans GA, a freight forwarding business that Mr. Kim owns in full and for which he paid monthly franchise fees and additional fees to Powertrans CA until Defendants usurped his ownership and cut off his access to Powertrans GA's systems and accounts. Mr. Kim began working at Powertrans GA in or around 2007. In or around 2010, Powertrans GA lost its only customer, Morrison Express. As a result, Powertrans GA had very limited business over the following years, and, in or around 2012, Mr. Kim started looking for another job. At that point, Mr. Yoo convinced Mr. Kim to stay at Powertrans GA by offering Mr. Kim ownership of Powertrans GA in exchange for a monthly franchise fee to Powertrans CA. Mr. Kim accepted and, thereafter, Mr. Kim understood that he was the sole owner of Powertrans GA. Mr. Kim invested his own money in the business and was solely responsible for generating business and running all aspects of the business. Throughout the over 10 years that Mr. Kim owned the business, he paid a monthly franchise fee (and additional amounts on request) and provided monthly financial reports to Powertrans CA disclosing all of the finances of the company, including all payments that were made to Asiana Export. Mr. Yoo and Mr. Lee repeatedly told Mr. Kim that he was the owner of the business, responsible for all aspects of the business and all profits and losses of the company. Mr. Kim repeatedly asked for the arrangement to be put in writing and Mr. Yoo and Mr. Lee repeatedly reassured him it would be, but they never did. After years of running the business, taking all of the risks and losses, Powertrans GA finally saw an increase in profitability in 2021 and 2022. Unfortunately, in 2022, Mr. Kim became very

ill and was hospitalized 7 times. While Mr. Kim was hospitalized for dialysis surgery in December of 2022, the Defendants cut Mr. Kim and Ms. Kim out of the business, severing their access to Powertrans GA's computer systems, email, and bank account. In doing so, Defendants took control of Powertrans GA, a company that Mr. Kim spent over a decade building and making profitable.

**PARTIES, JURISDICTION, AND VENUE**

2.

Powertrans GA is subject to the jurisdiction and venue of this Court by filing the Complaint.

3.

Mr. Yoo is an individual who resides at 1884 S. Westside Drive, Unit 54, Anaheim, CA 92805. Mr. Yoo may be served with process at his residence or wherever he may be found.

4.

Mr. Lee is an individual who resides at 5455 Brae Burn Place, Buena Park, CA 90621. Mr. Lee may be served with process at his residence or wherever he may be found.

5.

Powertrans CA is a corporation organized and existing under the laws of the State of California. Powertrans CA may be served via its registered agent, John Bokki Min at 3530 Wilshire Blvd., Ste. 1510, Los Angeles, CA 90010.

6.

This Court has personal jurisdiction over Mr. Yoo, Mr. Lee, and Powertrans CA under O.C.G.A. § 9-10-91 because each of them regularly transacted business in Georgia, committed tortious acts or omissions in Georgia, and caused injuries in Georgia to Mr. Kim and Ms. Kim, Georgia residents.

3

7.

Venue in Fulton County is appropriate pursuant to Ga. Const. Art. 6, Sec. 2, Para. 6 and O.C.G.A. § 9-10-93 because events giving rise to the causes of action alleged herein—including tortious acts and omissions by Mr. Yoo, Mr. Lee, and Powertrans CA and injuries caused by those tortious acts and omissions—occurred in Fulton County, and they transacted business in Fulton County

## STATEMENT OF FACTS

### The Powertrans Entities

8.

Powertrans Freight Systems is a transportation logistics business, comprised of 5 separate entities of the same name "Powertrans Freight Systems, Inc.," each separately incorporated in California, Georgia, Florida, Illinois, and New York.

9.

Powertrans CA is the "headquarter" office of Powertrans Freight Systems, located in Los Angeles, California. Upon information and belief, Mr. Lee and/or Mr. Yoo are owners and directors of Powertrans CA.

10.

Powertrans GA is located in Forest Park, Georgia, and is a franchisee of Powertrans CA. Powertrans GA owned and, until December of 2022, was operated by Mr. Kim, as described in detail below.

4

11.

Powertrans Freight Systems, Inc., the Illinois corporation ("Powertrans IL") is located in Chicago, Illinois, and is a franchisee of Powertrans CA. Powertrans IL is owned and operated by Ann Kim.

12.

Powertrans Freight Systems, Inc., the Florida corporation ("Powertrans FL") is located in Miami, Florida, and Powertrans FL is owned and operated by Mr. Yoo.

13.

Powertrans Freight Systems, Inc., the New York corporation ("Powertrans NY") is located in New York City, and, upon information and belief, Powertrans NY is owned and operated by Sean Kim.

14.

Each of the Powertrans Freight System entities operates completely separately from one another. Powertrans GA, Powertrans IL, Powertrans FL, and Powertrans NY each have their own territory, customers, vendors, bank accounts, and EIN numbers.

15.

Powertrans GA and Powertrans IL, and upon information and belief, Powertrans FL and Powertrans NY, each pay a monthly franchise fee to Powertrans CA to operate as a Powertrans Freight Systems business.

**Mr. Kim's Employment with Powertrans GA**

16.

Mr. Kim started his employment with Powertrans GA in or around 2007.

5

17.

When he started at Powertrans GA, Mr. Kim worked with another individual, Winston Bynun ("Mr. Bynun"), operating Powertrans GA. There were no other employees of Powertrans GA.

18.

At the time, Powertrans GA was only handling cargo from one client, Morrison Express.

19.

In 2008, Mr. Bynun left Powertrans GA, and, thereafter, Mr. Kim solely operated Powertrans GA.

20.

On June 30, 2010, Morrison Express filed a lawsuit against Powertrans GA for alleged unpaid amounts on an account, in the matter of *Morrison Express Corporation v. Powertrans Freight Systems, Inc.*, in the State Court of Clayton County, Civil Action File No. 2010CV05220.

21.

Powertrans GA failed to file an answer, and a default judgment was entered on October 26, 2010 against Powertrans GA in the principal amount of $55,916.57, interest in the amount of $19,742.57, plus court costs of $262.00.

22.

The judgment by Powertrans GA's only customer greatly disrupted Powertrans GA's operations, including subjecting Powertrans GA's bank account to a garnishment.

23.

As a result of the lawsuit, Mr. Lee, Powertrans CA's President at the time, asked Mr. Yoo to manage Powertrans GA's business.

6

24.

However, Mr. Yoo also owned and managed Powertrans FL at that time.

25.

In a meeting at Powertrans GA's office, on or around late 2010 or early 2011, Mr. Yoo asked Mr. Kim to operate the Powertrans GA business because Mr. Yoo was too busy with Powertrans FL to do so himself and because Powertrans GA was not profitable.

26.

Thereafter, Mr. Kim operated and managed the Powertrans GA business.

**Mr. Kim Becomes the Owner of Powertrans GA**

27.

Mr. Kim began to question whether the difficult task of operating Powertrans GA was worth his time and effort because Powertrans GA was not profitable.

28.

As a result, in or around 2011, Mr. Kim started to look for another job.

29.

When Mr. Yoo found out that Mr. Kim was looking for another job, Mr. Yoo visited Powertrans GA on or about 2011.

30.

Over dinner Mr. Yoo convinced Mr. Kim to stay at Powertrans GA by offering Mr. Kim full ownership of Powertrans GA, in return for which Mr. Kim would pay a monthly franchise fee and additional fees to Powertrans CA.

31.

Mr. Kim accepted the offer, and thereafter, understood that he was the sole owner of Powertrans GA, responsible for all losses of the company, but also entitled to all of its profits.

32.

To jump start the business, Mr. Kim personally loaned $30,000 to Powertrans GA.

33.

Powertrans FL also loaned Powertrans GA another approximately $30,000 to facilitate this effort.

34.

Powertrans GA subsequently repaid the approximately $30,000 loan from Powertrans FL in full.

35.

Mr. Kim was solely responsible for generating business and running all aspects of Powertrans GA.

36.

Mr. Kim traveled to clients and vendors, and through his efforts, grew the business over the years.

37.

Mr. Kim worked all hours of the day, including weekends, given that many of Powertrans GA's customers were in Korea.

8

38.

To ensure that his company has sufficient working capital,  Mr. Kim paid himself a modest small salary from Powertrans GA, often between  $13,000 and $40,000 per year, when the business was struggling.

39.

Upon information and belief, other Powertrans Freight Systems franchise owners like Mr. Yoo, Sean Kim, and Ann Kim take substantially larger salaries; often in the $100,000 to $200,000 per year range.

40.

Mr. Kim tried to hire employees to assist him with the business but could not find the right fit.

**Ms. Kim Joins Powertrans GA**

41.

In or around 2010, Mr. Kim asked his wife, Ms. Kim to join Powertrans GA.

42.

Ms. Kim agreed to do so, and she quit her job at Samsung LED in inside sales in the process.

43.

Given it was her husband's business, Ms. Kim agreed to take a substantial pay cut, receiving a bi-weekly payment of $750 only in 2010 – 2011. Subsequent to 2011, Ms. Kim did not receive any compensation for her work on behalf of Powertrans GA based on Defendants' representations and her understanding that Mr. Kim owned Powertrans GA.

44.

Powertrans CA, Mr. Yoo, and Mr. Lee were well aware of Ms. Kim's employment at Powertrans GA because Ms. Kim had her own Powertrans Freight Systems email address and had regular communications with them by email.

45.

Ms. Kim assisted as a liaison to customers and vendors while Mr. Kim ran operations.

46.

Powertrans CA, Mr. Yoo, and Mr. Lee did not intervene regarding Ms. Kim's employment at Powertrans GA because Powertrans GA was owned and operated solely by Mr. Kim.

**The Monthly Franchise Fee and Other Benefits and Payments Provided to Powertrans CA**

47.

Throughout the over 10 years that Mr. Kim owned and operated Powertrans GA, he paid a monthly franchise fee (and additional amounts on request).

48.

The base franchise fee was $1,000 per month but additional fees were often tacked on without warning or explanation.

49.

The additional fees included Powertrans CA's expenses including insurance fees, advertising fees, freight forwarding membership fees, CPA costs, and other fees.

50.

The franchise fees and additional fees were invoiced on a monthly basis to Powertrans GA.

10

51.

Powertrans GA paid every invoice it received from Powertrans CA in an estimated amount greater than $900,000 invoiced to Powertrans GA throughout the course of Mr. Kim's ownership of Powertrans GA.

52.

In addition to the monthly invoices, in or around 2012, Defendants demanded that Powertrans GA loan $40,000 to Powertrans FL to assist in the opening of Powertrans NY.

53.

Mr. Kim complied and caused Powertrans GA to loan Defendants $40,000.

54.

Powertrans GA also disclosed its finances to Powertrans CA by providing monthly financial reports. These reports also detailed Powertrans GA's payments to Asiana Export.

55.

In or around February of 2021, the Defendants also insisted that Powertrans GA pay its entire PPP second draw loan to Powertrans CA.

56.

Mr. Kim declined to comply with this request.

57.

Mr. Kim is certified in compliance with a TSA-approved security program such that he signed certifications on behalf of the Powertrans GA to confirm inspections of cargo and compliance with security protocols.

11

58.

After Defendants usurped Mr. Kim's ownership and control of Powertrans GA, Defendants continued to use Mr. Kim's certification and forged his signature on compliance certifications for dangerous goods as late as at least June of 2023.

**Asiana Export**

59.

In 2012, the owner and operator of Powertrans NY, Sean Kim, repeatedly recommended to Mr. Kim that he start a direct purchasing/small package business to complement and support Powertrans GA's business.

60.

Because the Powertrans entities do not engage in direct purchasing/small package delivery, Sean Kim suggested that Mr. Kim form a separate entity to run the direct purchasing/small package business, and informed Mr. Kim that he has 3 other entities other than Powertrans NY, including one for his direct purchasing/small package business.

61.

On or about March 15, 2013, Ms. Kim formed Asiana Export, LLC ("Asiana Export") for the purpose of running a direct purchasing/small package business.

62.

Mr. Kim and Ms. Kim are the sole owners of Asiana Export.

63.

Defendants encouraged Mr. Kim to start Asiana Export to support Powertrans GA.

12

64.

Upon information and belief, Defendants were fully aware of Asiana Export when it was organized for this purpose.

65.

However, the direct purchasing/small package business did not materialize, and as such Mr. Kim and Ms. Kim started to use Asiana Export for investments unrelated to freight forwarding or package shipment and delivery.

66.

Mr. Kim caused the profits he was due from Powertrans GA to be paid to Asiana Export.

67.

Asiana Export invoiced Powertrans GA for each of the payments made to it, noting on the invoices "P/S" for profit share.

68.

All of the payments to Asiana Export were shared with Powertrans CA as part of the financial disclosures that Powertrans GA made to Powertrans CA on a monthly basis.

69.

The Defendants' and Powertrans CA's accountants had access to all of Powertrans GA's financial information and could access the same at all times.

**Defendants have not been Involved in Powertrans GA**

70.

Defendants were not involved in Powertrans GA's business.

13

71.

For example, in an email to Mr. Kim and Sean Kim (the owner of Powertrans NY) on March 30, 2018, Mr. Yoo emphasized the separation between the Powertrans entities and reminded them that they are to "[p]ay what is due and receive what is due" (translated from Korean). Mr. Kim understood this to be confirmation that Powertrans GA was obligated to pay the invoices for the franchise fees and other fees, but he was entitled to the profits of Powertrans GA.

72.

Other than this initial loan from Powertrans FL referenced above, Defendants did not assist or provide any support to Powertrans GA after Mr. Kim took ownership of the company.

73.

In contrast, Defendants constantly requested additional payments and cash assistance from Powertrans GA.

74.

With Mr. Kim's permission, Defendants also ran other, significant business through Powertrans GA, and, upon information and belief, received proceeds of millions of dollars from that business without compensation to Powertrans GA.

75.

Despite Mr. Kim's requests, Defendants repeatedly refused to assist Powertrans GA because it was Mr. Kim's business and responsibility.

**Defendants Repeatedly Confirmed Mr. Kim's Ownership of Powertrans GA but Refused to Put it in Writing**

76.

Defendants repeatedly told Mr. Kim that he was the owner of Powertrans GA, responsible for all aspects of the business and all profits and losses of the company.

14

77.

Mr. Kim repeatedly asked for his ownership and the franchise arrangement to be put in writing and Defendants repeatedly reassured him it would be, but they never did.

78.

For example, in or before 2018, Defendants called a meeting for all of the owners of each Powertrans entity to meet in Los Angeles, California.

79.

At the meeting, Defendants confirmed again that Mr. Kim is the owner of Powertrans GA and therefore must continue to pay the monthly franchise fee.

80.

On information and belief, the owner of Powertrans IL, Ann Kim, is in the same arrangement with Powertrans CA, where she owns and operates Powertrans IL and receives all of the profits of Powertrans IL in exchange for payment of monthly franchise fees to Powertrans CA.

81.

Specifically, during the meeting in Los Angeles, Mr. Lee told Mr. Kim and Ann Kim that their respective ownerships and the franchise arrangements would be put in writing.

82.

Despite this representation, when Mr. Kim asked about the written agreement about two weeks after the meeting, Mr. Lee refused.

83.

Mr. Kim also asked if Ann Kim had received a written agreement from Defendants and she confirmed that she had not.

15

84.

Despite the Defendants' failure and refusal to put Mr. Kim's ownership and the franchise agreement in writing, based on and in reliance of the Defendants' representations, Mr. Kim continued to operate Powertrans GA for over a decade with no issues raised about his ownership or operations.

85.

Due to the substantial efforts by Mr. and Ms. Kim and no one else, only when Powertrans GA became profitable, and Mr. Kim became ill did Defendants usurp Mr. Kim's ownership and shut off access to Powertrans GA's systems and accounts.

**Mr. Kim Falls Ill and Defendants Usurp His Ownership in Powertrans GA**

86.

Powertrans GA finally saw a substantial increase in profitability in 2021 and 2022.

87.

Unfortunately, in 2022, Mr. Kim became very ill.

88.

In 2022, Mr. Kim was hospitalized 7 times.

89.

Defendants were aware of Mr. Kim's health issues as he informed them that he was ill and having difficulty running the business.

90.

As a result of his health issues, Mr. Kim went into dialysis surgery in December of 2022.

16

91.

While he was in the hospital for surgery, Defendants opportunistically cut Mr. Kim and Ms. Kim out of the business, severing their access to Powertrans GA's computer systems, email, and bank account.

92.

At the time Defendants opportunistically usurped the business, Powertrans GA had a receivable balance of approximately $390,000 and a bank balance of approximately $150,000.

**Ms. Kim's Health Issues Resulting from Defendants' Actions**

93.

After Defendants usurped Powertrans GA, Ms. Kim became stressed, depressed, she stopped eating, and her weight dropped to below 100 pounds.

94.

As a result of Ms. Kim's declining health due to her stress, depression, and inability to eat, she was rushed to the emergency room in April of 2023.

95.

Ms. Kim was transferred from the emergency room to the hospital where she stayed for a week to receive treatment due to her health concerns.

96.

Ms. Kim has subsequently been prescribed medication to manage her depression and stress as a result of the actions of Defendants.

97.

Due to Defendants' actions, Ms. Kim has suffered emotional distress in the form of stress, depression, and the inability to eat.

17

## COUNT I
## ACTION FOR DECLARATORY JUDGMENT

98.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

99.

Plaintiffs are uncertain and insecure with respect to their rights and obligations as to Mr. Kim's ownership of Powertrans GA.

100.

Defendants have taken actions in contravention of the agreement for Mr. Kim to own and operate Powertrans GA in exchange for franchise fees, and such actions have served to deprive Mr. Kim of his ownership of Powertrans GA.

101.

Plaintiffs show there is an actual and justiciable controversy between themselves and the Defendants.

102.

Plaintiffs show that the controversy necessitates a determination by this Court concerning Mr. Kim's ownership interest in Powertrans GA.

103.

The ends of justice require, and Plaintiffs respectfully request, that the Court issue a declaratory judgment providing a declaration of the legal rights and relations between the Plaintiffs and the Defendants, that Mr. Kim is the sole owner of Powertrans GA.

18

## COUNT II
## BREACH OF CONTRACT

104.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

105.

The agreement for Mr. Kim to own Powertrans GA in exchange for franchise fees is a valid and enforceable contract between Mr. Kim and Defendants.

106.

As a result of the conduct described above, Defendants have breached the agreement by effectively depriving Mr. Kim of his ownership in Powertrans GA.

107.

Mr. Kim has been damaged as a result, in an amount to be determined at trial.

108.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

109.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

19

110.

Defendants' actions, including their malicious conduct of opportunistically usurping Powertrans GA when Mr. Kim was hospitalized for dialysis surgery in December of 2022 were extreme and outrageous as to naturally humiliate, embarrass, outrage, and frighten Plaintiffs.

111.

Defendants knew or should have known that as a result of the aforementioned abusive, extreme, egregious, and outrageous conduct Plaintiffs would be subjected to severe emotional and mental distress, and pain and suffering.

112.

Defendants acted intentionally, willfully, and maliciously and purposely, with the intention to inflict severe emotional distress upon Plaintiffs, or with reckless disregard for the probability of causing Plaintiffs such severe emotional distress.

113.

The aforementioned conduct of Defendants constitutes intentional infliction of emotional distress.

114.

As a direct and proximate result of Defendants' actions, Plaintiffs have suffered severe emotional distress, anxiety, nervousness, humiliation, pain and suffering, and physical manifestations thereof.

115.

By intentionally inflicting severe emotional distress upon Plaintiffs, Defendants have violated Georgia law, and are liable to Plaintiffs for compensatory damages, including but not limited to damages for Plaintiffs' pain and suffering.

20

116.

As a result of the unlawful actions of Defendants, Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs in this action.

117.

Defendants have acted maliciously and with intent to harm Plaintiffs, or with conscious indifference to the consequences of their actions, entitling Plaintiffs to recover punitive damages.

## COUNT IV
## FRAUD

118.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

119.

In the alternative, if Mr. Kim is not the owner of Powertrans GA, Defendants made material misrepresentations to Plaintiffs concerning Mr. Kim's ownership of Powertrans GA. Specifically, Defendants misrepresented:

- That Mr. Kim is the full owner of Powertrans GA starting in 2011; and

- That Mr. Kim was entitled to all of the profits of Powertrans GA as owner.

120.

At the time Defendants made these misrepresentations to Plaintiffs they knew that those statements were untrue.

121.

Defendants made these material misrepresentations with the intent to induce Plaintiffs to rely on the misrepresentations to their detriment.

21

122.

Plaintiffs, in fact, relied on these material misrepresentations to their detriment.

123.

Plaintiffs have been damaged as a result, in an amount to be determined at trial.

124.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

125.

Defendants have acted maliciously and with intent to harm Plaintiffs, or with conscious indifference to the consequences of their actions, entitling Plaintiffs to recover punitive damages.

## COUNT V
## MONEY HAD AND RECEIVED
### (Against Third-Party Defendants)

126.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

127.

Defendants received funds belonging to Plaintiffs, as to which they have had the use and enjoyment, but to which they are not entitled.

128.

Plaintiffs are entitled to a judgment against Defendants in an amount to be proven at trial.

22

129.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

**COUNT VI**
**UNJUST ENRICHMENT**

130.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

131.

In the alternative, if Mr. Kim is not the owner of Powertrans GA, the doctrine of unjust enrichment shall apply.

132.

Plaintiffs conferred benefits on Defendants through the services they provided to them.

133.

Defendants knew of and accepted such benefits by accepting such services.

134.

To date, Defendants have not compensated Plaintiffs for such benefits despite accepting such benefits.

135.

By failing to pay for the benefits conferred, Defendants and Powertrans GA have been unjustly enriched.

136.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused

23

Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

## COUNT VII
## PROMISSORY ESTOPPEL

137.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

138.

In the alternative, if Mr. Kim is not the owner of Powertrans GA, the doctrine of promissory estoppel applies.

139.

Defendants made promises and representations to Plaintiffs about Mr. Kim's ownership of Powertrans GA and entitlement to Powertrans GA's profits, which Defendants knew or should have known that Plaintiffs would reasonably induced to rely.

140.

Plaintiffs did reasonably rely on Defendants' promises and representations to their detriment.

141.

Defendants breached their promises and broke faith with their representation by usurping Plaintiffs' ownership interest and failing to give the ownership interest they promised to Mr. Kim.

142.

Plaintiffs have been damaged as a result, in an amount to be determined at trial.

24

143.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

**COUNT VIII**
**CIVIL CONSPIRACY**

144.

Plaintiffs repeat and reallege paragraphs 1 through 97 of this Complaint as if fully stated herein.

145.

In the alternative, if Mr. Kim is not the owner of Powertrans GA, Defendants intentionally conspired and agreed with each other to engage in the tortious and illegal conduct described herein.

146.

The unlawful conduct of Defendants was accomplished by one or more of them pursuant to a common scheme and in furtherance of a common object.

147.

Each Defendant either participated in the design, formulation, and implementation of the conspiracy or joined the conspiracy with knowledge of its existence and purpose and committed acts in its furtherance.

148.

As such, liability for the aforementioned tortious conduct committed by one or some Defendants is imputed to all Defendants.

149.

Plaintiffs have been damaged as a result, in an amount to be determined at trial.

25

150.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Plaintiffs are therefore entitled to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

WHEREFORE, Plaintiffs respectfully pray of this Honorable Court as follows:

(a)     That the Court enter a declaratory judgment that Mr. Kim is the sole owner of Powertrans GA;

(b)     That the Court grant Plaintiffs a judgment against Defendants in an amount to be determined at trial;

(c)     That Plaintiffs be awarded their costs, attorneys' fees, and expenses of litigation;

(d)     That the Court award Plaintiffs their expenses of litigation pursuant to O.C.G.A. section 13-6-11;

(e)     That the Court award Plaintiffs punitive damages, and

(f)     That the Court award such other and further relief as is just, proper, and equitable under the circumstances.

This 24th day of May, 2024.

*[Signature page to follow]*

26

Respectfully submitted,

**BERMAN FINK VAN HORN P.C.**


*/s/ Daniel H. Park*
Daniel H. Park (#930188)
Brett A. Switzer (#554141)
Olivia Mercer (#355177)
3475 Piedmont Road, NE, Suite 1640
Atlanta, GA 30305
Tel: (404) 261-7711
Fax: (404) 233-1943
dpark@bfvlaw.com
bswitzer@bfvlaw.com
omercer@bfvlaw.com

*Counsel for Plaintiffs*

27

Fulton County Superior Court
***EFILED***KJ
Date: 6/7/2024 3:18 PM
Che Alexander, Clerk

# AFFIDAVIT OF SERVICE

**State of Georgia**          **County of Fulton**          **Superior Court**

Case Number: 24CV006795

Plaintiff: **Jimmy J Kim, Deborah Han-Kim**
vs.
Defendant: **Chul Hee Yoo, et al**

For: Daniel Park
     Berman Fink Van Horn, P.C.

Received by Ancillary Legal Corporation on the 31st day of May, 2024 at 9:42 am to be served on **Powertrans Freight Systems, Inc c/o John Bokki Min - Reg Agent, 3530 Wilshire Blvd., Ste 1510, Los Angeles, CA 90010**. I, _George Sano_, being duly sworn, depose and say that on the _3_ day of _June_, 20 _24_ at _12:33_ P.m., executed service by delivering a true copy of the **Summons, Complaint, Third Party-Complaint** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(X) CORPORATE SERVICE: By serving _John Bokki Min_ as _Agent_.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age____ SEX (M) F Race_____ Height_____ Weight_____ Hair_____ Glasses Y (N)

**COMMENTS:**_____
_____
_____
_____

Age _45_ Sex (M) F Race _Asian_ Height _5'10_ Weight _180_ Hair _Black_ Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_____

Subscribed and Sworn to before me on the _5_ day of _June_, 202_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _2623_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2024007767
Ref: Kim

TONI LYNN SANO
Notary Public - California
Orange County
Commission # 2485603
My Comm. Expires Apr 23, 2028

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Fulton County Superior Court
***EFILED***MH
Date: 6/17/2024 1:14 PM
Che Alexander, Clerk

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Fulton**                    **Superior Court**

Case Number: 24CV006795

Plaintiff: **Jimmy J Kim, Deborah Han-Kim**
vs.
Defendant: **Chul Hee Yoo, et al**

For: Daniel Park
    Berman Fink Van Horn, P.C.

Received by Ancillary Legal Corporation on the 10th day of June, 2024 at 12:54 pm to be served on **Sung Jae Lee, 5455 Brae Burn Place, Buena Park, CA 90621**. I, _Bryce Keizer_, being duly sworn, depose and say that on the _10_ day of _June_, 20_24_ at _8:23_ _.m._, executed service by delivering a true copy of the **Summons, Complaint, Third Party-Complaint** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____, a person of suitable age and discretion residing therein.

( ) NON SERVICE: For the reason detailed in the Comments below.

_____

Age _50_ SEX (M) F Race _Asian_ Height _5'8_ Weight _170_ Hair _BLK_ Glasses Y (N)

COMMENTS:_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _13_
day of _June_, _2024_ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _PSC6332_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2024008205
Ref: Kim

TONI LYNN SANO
Notary Public - California
Orange County
Commission # 2485603
My Comm. Expires Apr 23, 2028

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Fulton County Superior Court
***EFILED***KJ
Date: 6/27/2024 3:51 PM
Che Alexander, Clerk

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Fulton**                    **Superior Court**

Case Number: 24CV006795

Plaintiff: **Jimmy J Kim, Deborah Han-Kim**
vs.
Defendant: **Chul Hee Yoo, et al**

For: Daniel Park
    Berman Fink Van Horn, P.C.

Received by Ancillary Legal Corporation on the 10th day of June, 2024 at 12:50 pm to be served on **Chul Hee-Yoo, 1884 S. Westside Drive, Unit 54, Anaheim, CA 92805**. I, ___George___ ___Sano___, being duly sworn, depose and say that on the __19__ day of __June__, 20_24_ at _7_:_55_ pm., executed service by delivering a true copy of the **Summons, Complaint, Third Party-Complaint** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(X) SUBSTITUTE SERVICE: By serving ___Hyun Yow___ as ___Spouse___, a person of suitable age and discretion residing therein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age _48_ SEX M (F) Race _Asian_ Height _5'6"_ Weight _145_ Hair _Brown_ Glasses Y (N)

COMMENTS:_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __20__
day of __June__ _2024_ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _PSC2623_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2024008204
Ref: Kim

TONI LYNN SANO
Notary Public - California
Orange County
Commission # 2485603
My Comm. Expires Apr 23, 2028